IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| CHRISTY A. BUTIGAN, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Case No. 1:13-cv-00514-GBL-TCB |
| SALAH MOHAMMED K. A. AL-MALKI, SALWA AWAD M. SAEED, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Parties' Joint Motion to Seal Court Files. (Doc. 39). This case concerns a civil action brought by Christy A. Butigan ("Plaintiff") for alleged improprieties performed by Salah Mohammed K. A. Al-Malki and Salwa Awad M. Saeed ("Defendants") against Plaintiff during her term of employment with Defendants. The issue before the Court is whether to seal the entire record in this case where a settlement agreement was reached without judicial intervention. The Court DENIES the Parties' Joint Motion because the Parties assert no significant interest that outweighs the presumption in favor of public access to court records.

### I. BACKGROUND

Defendants employed Plaintiff as a domestic servant in their homes in both the United States and Qatar from approximately September 10, 2010 until April 27, 2011. (Doc. 1 ¶ 22.) Plaintiff terminated her employment with Defendants on April 27, 2011 when she fled from their home in Vienna, Virginia due to intolerable living and working conditions. (Doc. 1 ¶ 63.)

On April 26, 2013, Plaintiff filed a Complaint (Doc. 1) against Defendants for alleged violations of the Trafficking Victims Protection Act and Fair Labor Standards Act, in addition to

1

asserting state law claims. (Doc. 21-1 ¶ 3.) On May 12, 2014, a default judgment was entered in favor of Plaintiff and against Defendants. (Doc. 31.) The Parties then entered into a Confidential Settlement Agreement on January 17, 2017, and on February 14, 2017, the Court entered a Stipulation and Order vacating the default judgment and dismissing the matter with prejudice and without costs. (Doc. 38.) As a separate condition of the Settlement Agreement, the Parties agreed to jointly petition the Court, in its discretion, to seal the court record. The Parties' Joint Motion is now ripe for disposition. (Doc. 39.)

## II. DISCUSSION

### A. Standard of Review

The public has a common law right to access, inspect, and copy court records and documents. *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The public right of access to court files is not absolute, however. *Nixon*, 435 U.S. at 598. The Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight*, 743 F.2d at 235.

"The party seeking to overcome the [common law] presumption [of access] bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Access to court files may be denied, for instance, "(1) where disclosure may be used to gratify private spite or promote public scandal, (2) where disclosed records may serve as reservoirs of libelous statements for press consumption, or (3) where disclosure might reveal trade secrets[.]" *Under Seal v. Under Seal*, 326 F.3d 479, 485-86 (4th Cir. 2003) (citing *Nixon*, 435 U.S. at 598-99). In deciding whether to seal court records and documents, the court should consider factors including "whether the

2

records are sought for improper purposes . . . ; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight*, 743 F.2d at 235 (citing *Nixon*, 435 U.S. at 597-608). The trial court is to exercise its discretion to seal court files "in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

The First Amendment to the United States Constitution guarantees public access to trials, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575-76 (1980), and this guarantee extends to particular court records and documents, including those filed in connection with dispositive motions in civil cases. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Rushford*, 846 F.2d at 253). Denial of public access to such court records is justified only if it is required by compelling governmental interest and "there is no less restrictive way to serve that governmental interest." *Rushford*, 846 F.2d at 253.

Provided that the standard under which the court must consider motions to seal court documents depends on the nature of the documents, the court must determine whether the public's right of access to the documents is protected by the First Amendment or arises solely from the common law. *Id.* Additionally, the court must "provide public notice of the request to seal and allow interested parties a reasonable opportunity to object." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Before granting a request to seal court records, the court must "consider less drastic alternatives to sealing the documents[.]" *Id.* If the court decides that sealing the court documents is appropriate, it must "provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*

**B. Analysis**

The Court DENIES the Parties' Joint Motion to Seal because the Parties do not assert a compelling governmental interest that necessitates or justifies the sealing of documents, nor do they assert a significant interest that outweighs the public's common law right of access to judicial records.

The procedural requirements for sealing have been satisfied here. The Court has provided public notice of the parties' request to seal all documents filed in this case and an opportunity for interested members of the public to object to this request. The Court has received no objections to the request. However, even where all of the litigants request that the court files be sealed and no one objects, the court "must engage in a careful deliberation on the issue." *K.S. v. Ambassador Programs Inc.*, No. 1:10-CV-439, 2010 WL 3565481, at *2 (E.D. Va. Sept. 3, 2010).

First, in support of their motion, the Parties cite the fact that there has been no adversarial process engaged in this matter and a settlement agreement was obtained without judicial intervention. In support of this claim, the parties quote an opinion from Second Circuit stating that "[r]aw, unverified information should not be as readily disclosed as matters that are verified." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). The Court distinguishes the present matter from *Amodeo* because the documents being sealed in that case were confidential reports prepared for a judge by a court officer pursuant to a consent decree in a Racketeer Influenced and Corrupt Organizations (RICO) action. In the present matter, the Parties seek to seal the entire record, including all motions filed before the court in pursuit of litigation.

The court in *Amodeo* provides guidance as to the distinction when it states that, "[d]ocuments that play no role in the performance of Article III functions, such as those passed between parties in discovery, lie entirely beyond the presumption [of access's] reach, and 'stand on a different footing than . . . a motion filed by a party seeking action by the court,' or, indeed, than any other document which is presented to the court to invoke its powers or affect its decisions." *Amodeo*, 71 F.3d at 1050 (quoting *Bank of Am. Nat'l Trust & Savings Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d Cir. 1991).

Under this distinction, the documents that the Parties in the present matter seek to seal clearly fall under the presumption of public access as they are documents presented to the court to invoke its powers or affect its decisions. The decision to overcome the presumption of access is not to be made lightly, and "[t]he public's access to judicial records and documents may only be abrogated in unusual circumstances." *Stone*, 855 F.2d at 182. The Court finds the *sui generis* scenario claimed by the parties to be unsupported by relevant case law and the circumstances surrounding the motion not unusual enough to overcome the public's "presumption of access that can only be rebutted if countervailing interests heavily outweigh the public interests in access. *K.S.*, 2010 WL 3565481, at *2 (citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

Second, the Parties claim that the allegations contained in the Complaint "detail sensitive information and could lead to reputational injury of the parties." (Doc. 39 ¶ 7.) This claim is similar to that made by the parties in *Adler v. CFA Inst.*, No. 1:11-CV-1167, 2012 WL 3257822 (E.D. Va. Aug, 7, 2012).

In *Adler*, "[t]he only interests cited by the parties in support of their request to seal the records . . . [were] Plaintiff's own reputational and privacy interests . . . ." *Adler*, 2012 WL

3257822, at *2. The court in *Adler* denied the parties' motion to seal because "[t]he parties offer[ed] no evidence of any likelihood that the documents filed in [the] case [would] be sought and used for improper purposes." *Adler*, 2012 WL 3257822, at *3. Here, like in *Adler*, the Parties have merely provided the court with a hypothetical scenario where the information in court documents could be used for improper purposes. They have not offered any real evidence that such an event might occur if the record were to be left open to public access.

For these reasons, the Court DENIES the Parties' request to sever public access to the documents and records filed in this case.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff Christy A. Butigan and Defendants Salah Mohammed K. A. Al-Malki and Salwa Awad M. Saeed's Joint Motion to Seal Court Files (Doc. 30) is **DENIED**.

**IT IS SO ORDERED.**

ENTERED this 10th day of July, 2017.

Alexandria, Virginia
7/20/2017

                                            /s/
                                    Gerald Bruce Lee
                                    United States District Judge